IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUAN AREVALO MARROQUIN <br> 1458 Columbia Road <br> Apt. 305 <br> Washington, DC 20009 <br><br> Plaintiff, <br><br> v. <br><br> D.B. LEE DEVELOPMENT, INC. <br> 2424 18th Street, NW <br> C-2 <br> Washington, DC 20009 <br><br> Serve: Resident Agent <br> Dennis B. Lee <br> 2424 18th Street, NW <br> C-2 <br> Washington, DC 20009 <br><br> DENNIS B. LEE <br> 2424 18th Street, NW <br> C-2 <br> Washington, DC 20009 <br><br> Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff, Juan Arevalo Marroquin ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Discoll PC, hereby files his Complaint against Defendant D.B. Lee Development, Inc. and Dennis B. Lee ("Defendants"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3845987_2

## INTRODUCTION

Plaintiff worked for Defendants as laborer. Plaintiff was paid at the same hourly rate for all hours worked. He approximately fifty-four hours per week and was not paid at the overtime rate of one and a half times his regular hourly wage as required by D.C. and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of the District of Columbia.

4. Defendant D.B. Lee Development, Inc. ("D.B. Lee Development") is a District of Columbia corporation.

5. Defendant Dennis B. Lee is the owner of D.B. Lee Development.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Dennis B. Lee controlled the day to day operations of D.B. Lee Development.

11. Defendant Dennis B. Lee had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Dennis B. Lee supervised Plaintiff directly or indirectly.

13. Defendant Dennis B. Lee directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Dennis B. Lee directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

16. Defendant Dennis B. Lee would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

## FACTS

17. Plaintiff was employed by Defendants as a laborer from October 1, 2011 through June 1, 2014 (the "Employment Period").

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3845987_2

18. Plaintiff was paid at an hourly rate of $15.50. He worked an average of fifty four hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

19. Plaintiff is owed approximately $15,624.00 in overtime wages.

20. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of D.C. and federal law.

21. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked.

22. The precise number of hours worked, and wages owed, should be revealed through discovery.

23. Defendants knowingly and intentionally violated Plaintiff's rights under D.C. and federal law.

## COUNT I
## (FLSA)

24. Plaintiff adopts herein by reference paragraphs 1 through 23 above as if fully set forth herein.

25. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

26. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

27. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

28.     Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in his favor in an amount to be determined at trial, but not less than $31,248.00, which is two times the total overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Violation of the D.C. Minimum Wage Revision Act)

29.     Plaintiff adopts herein by reference paragraphs 1 through 23 above as if fully set forth herein.

30.     Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week.  *See* D.C. ST §32-1012.

31.     Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly wage for all hours worked in excess of forty hours per week as required by DCMWRA.

32.     Unpaid overtime wages are due and owing to Plaintiff by Defendants.

33.     Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $15,624.00 and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

34. Plaintiff adopts herein by reference paragraphs 1 through 23 above as if fully set forth herein.

35. The amounts owed to Plaintiff by Defendants for unpaid overtime wages constitute "wages" under the DCWPCL. D.C. ST § 32-1301(3).

36. Defendants were required to pay to Plaintiff compensation overtime wages at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* D.C. ST §32-1012.

37. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

38. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

39. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $46,872.00, which is approximately three times the wages owed; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By:       /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (495881)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020